Tried July 17, proceeding dismissed July 29, 1922.

# STATE EX REL. *v.* RIDGWAY.

(208 Pac. 587.)

**Attorney and Client—In Disbarment Proceeding Evidence Held not to Prove That the Attorney Induced His Client to Verify Answer Knowing Allegations to be False.**

1. In disbarment proceedings, evidence *held* not to prove that the attorney induced a client to verify an answer alleging that the client and his wife had been imprisoned and kept under lock and key until the husband had drawn and delivered to the plaintiff in such action his check for a certain amount of money, knowing such allegation to be false.

**Attorney and Client—Attorney's Criticism in Argument to Jury of Action of Another Attorney in Bringing Suit for so Large an Amount of Damages Held not Ground for Disbarment.**

2. In an attorney's action for services in bringing an action for criminal conversation with defendant's wife and for alienation of affections, the defendant's counsel's criticism in argument to jury of the plaintiff for bringing the action for so large an amount of damages *held* not ground for disbarment of defendant's counsel.

Disbarment proceedings before Supreme Court.

In Banc.

This is a disbarment proceeding instituted on the relation of George Estes. The relator alleges in substance that Albert B. Ridgway, an attorney of this court, on April 23, 1921, induced one Henry Kreuger, a client of defendant, Kreuger being a man without much education and ignorant of business affairs, to verify an answer in an action wherein George Estes was plaintiff and Henry Kreuger was defendant in the Circuit Court of the State of Oregon for the county of Columbia.

"That it was falsely alleged in said answer that George Estes had imprisoned said Kreuger and his wife and kept them under lock and key from about 10 o'clock A. M. until about 7 o'clock P. M. on the eighteenth day of February, 1921, and that they, the said Kreuger and his wife, were not allowed to de-

part therefrom (the place of imprisonment) until he, Kreuger, drew and delivered to George Estes his check for Three Hundred Dollars ($300).

That such allegations were false and known to be false by Albert B. Ridgway; that at the trial of the cause mentioned, Mr. Ridgway appeared as attorney for Henry Kreuger and attempted to bring out on direct examination of Kreuger and wife testimony in support of the allegation of imprisonment; that upon cross-examination those witnesses repudiated the false allegations in the pleading and admitted they came and went at will. It is further alleged:

"In the course of Ridgway's argument to the jury in the Kreuger case, he stated that he was secretary of the Oregon Bar Association, and that for more than six years past he had been going up and down the State of Oregon disbarring attorneys, which statement the relator believes and therefore avers, was made maliciously for the purpose of poisoning the minds of the jury, injuring and damaging the reputation of the relator before the jury, and prejudicing the case then on trial without respect to the facts therein or the merits thereof."

The petition has attached to it a copy of that portion of the answer relating to the imprisonment of Kreuger and his wife, as follows:

"That from the time of their arrival at plaintiff's offices as aforesaid, on said eighteenth day of February, 1921, at about 10 o'clock A. M. of said day, and until about the hour of 7 o'clock P. M. of said day, defendant and his said wife were by plaintiff and plaintiff's said employees and assistants, confined under lock and key in a room of plaintiff's said office, and not allowed by plaintiff to depart therefrom, and by reason thereof did not and could not have or obtain any knowledge of the true facts in the matter of said proceedings against said Boseley, and were obliged

to and did rely solely upon the representations and assurances so as aforesaid made and given them by plaintiff, and relying thereon, and after repeated importunities of plaintiff, and for the sole and express purpose of thereby enabling plaintiff to·bring about the continued imprisonment of said Bosely for a long period, and while still so confined by plaintiff in plaintiff's said office as aforesaid, defendant was on said eighteenth day of February, 1921, by plaintiff persuaded to and did draw, sign, and deliver to plaintiff his check of Three Hundred Dollars in plaintiff's complaint described.''

The defendant, Ridgway, was secretary of the bar association of the State of Oregon at the time the petition herein was filed on May 31, 1922, and is one of the relators in the proceeding instituted against George Estes for disbarment. On July 7, 1922, the relator, George Estes, by his attorneys moved to dismiss this proceeding. It appears from the motion that the proceedings instituted in this court against George Estes and Albert B. Ridgway were set to be heard in this court on the same day, July 10, 1922. The earlier of the two cases being against George Estes and, as stated in the motion to dismiss, in order that the prosecutors, including Ridgway, in the case against Estes and the witnesses who might testify could act without embarrassment, and that the· case against Estes might be tried alone without confusion with other issues, the motion was made. Mr. Ridgway was not satisfied to have the accusation dismissed without an explanation, and a hearing was had.　　　　　　　　　　PROCEEDING DISMISSED.

For the plaintiff, *Mr. Edward L. Fraley* and *Mr. D. D. Hail.*

For the defendant, *Mr. Wallace McCamant.*

BEAN, J.—It appears that in the action of *George Estes* v. *Henry Kreuger* to recover the value of services as attorney, Kreuger consulted the firm of Ridgway and Johnson. Kreuger informed Mr. Johnson that he and his wife were locked in a room by Estes, and Mr. Johnson prepared the answer and mailed it to Kreuger to be verified if he found it "correctly states the facts." The answer was sworn to before a notary public and filed in the case. Upon the trial of the Estes-Kreuger case Kreuger was unable to maintain the allegation in regard to himself and wife being locked in a room by Estes. It appeared that Kreuger and wife, when they visited Estes' law office, had been requested to wait for some reason and had been conducted to his private "parlor" across the hall from the law office. The door to the parlor had a modern lock and could not be locked so it would not open from the inside. They went out to lunch and then returned to the room where there was a telephone, and the clerk and assistant attorney were coming in and going out during their stay. Nevertheless, ludicrous as it may seem, Kreuger and his wife both thought they were locked in the room, and Kreuger so informed Mr. Johnson, one of his attorneys. Kreuger speaks poor English, and it is exceedingly difficult to understand him. Kreuger testified at the trial of the Estes-Kreuger case and upon the hearing of the proceeding that he honestly believed the door was locked during the time he was in the room. Mrs. Kreuger testified upon the trial of the Estes-Kreuger case thus:

"Q. Mrs. Kreuger, did you believe on Friday when you were in Mr. Estes' parlor, that you were locked in that parlor?

"A. I really believed, honest to God, I really believed that we were locked in.

"Q. Did you say so to your husband?

"A. Yes, I did.

"Q. Did you tell your attorney so?

"A. Yes. Because I tried the door and I could not open. I don't know why, because, maybe I was excited and could not open it or how, but I tried it two or three times and I could not open it."

1. There is no testimony to support the charge in regard to the contents of the Kreuger answer. On the other hand, it is plain that there is no room for criticism of either Mr. Ridgway or his partner, Mr. Johnson. The charge against Mr. Ridgway is a grave one and never should have been made. There is no reasonable foundation for the accusation. It appears that Mr. Ridgway was one of several attorneys who, as members of the state bar association, filed charges against George Estes for disbarment. Upon the argument herein by counsel for the relator, George Estes, it developed that the proceedings against Mr. Ridgway were instituted as a retaliatory measure, or as termed a "strike back" by Estes. The same was indicated by the motion of relator to dismiss this proceeding.

If every lawyer who is unable to maintain the issues based upon his clients' allegations by proof upon the trial of cases in court should be censured or disbarred litigants would search in vain for attorneys. One side or the other must necessarily lose in such a contest.

The Kreuger answer, as will be seen by reference to the part quoted above, does not allege that Estes attempted to force Kreuger to execute a check for $300. On the contrary, it is asserted in that pleading that Kreuger drew the check "for the sole and

express purpose of thereby enabling plaintiff [Estes] to bring about the continued imprisonment of said Bosely for a long period.'' The only materiality of the matter contained in the allegation of imprisonment was to show that Kreuger was kept from obtaining knowledge ''of said proceedings against said Bosely.''

2. The second part of the petition relates to the argument of Ridgway to the jury in the Estes-Kreuger case. It appears that George Estes had acted as attorney for Kreuger. Among other proceedings Estes brought an action for Kreuger against one Bosely for $50,000 damages for criminal conversation with Kreuger's wife and alienating her affections. It was claimed Mrs. Kreuger was at the time living with her husband. The value of Estes' services being an issue upon the trial, Ridgway in his argument to the jury criticised Estes for bringing action for so large an amount of damages, $50,000, against Bosely under the circumstances, and claimed he had no right to bring such action. The trial court, upon objection, withdrew the statement of Ridgway from the consideraion of the jury. It was a good time to insert a period in the matter when the trial court ruled, and let it rest there. Estes prevailed, and obtained a verdict against Kreuger for $600, which is believed to be larger in proportion to the amount claimed than the jury usually awards an attorney. When an attorney is compelled to sue his former client for fees it would not be expected that counsel for defendant in the action would throw many bouquets to the plaintiff in the action. Who is there among us having practiced law to any extent, who has not been criticised by counsel on the other side. Whether there was misjudgment in selecting the

words is a question with which we are not concerned in this proceeding. It does not constitute a matter for consideration in a disbarment proceeding.

We find that the charge relating to the preparation and verification of the Kreuger answer is not sustained. The proceeding should be dismissed, and Albert B. Ridgway fully exonerated. It is so ordered.      PROCEEDING DISMISSED.